# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| COREY GREENE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MIDDLE TENNESSEE MENTAL )<br>HEALTH INSTITUTE, et al., )<br>)<br>Defendants. ) | No. 3:19-cv-00738<br>Judge Trauger |

## MEMORANDUM AND ORDER

Corey Greene, a *pro se* Tennessee resident, filed this civil rights action under 42 U.S.C. § 1983 while he was incarcerated at the Davidson County Sheriff's Office in Nashville, Tennessee. The complaint names three defendants: the Middle Tennessee Mental Health Institute ("MTMHI") and MTMHI employees Hamilton Smalls and Richard Selikoff. (Doc. No. 1 at 1–3.) The plaintiff also filed two applications to proceed in this court without prepaying fees and costs (Doc. Nos. 14 at 17), two motions to amend the complaint (Doc. Nos. 11 and 15), and one stand-alone amended complaint (Doc. No. 16). This action is before the court for an initial review.

**I.     Applications to Proceed as a Pauper**

The court may authorize a person to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). It appears from the plaintiff's two applications to proceed as a pauper that he cannot pay the full filing fee in advance. Accordingly, the plaintiff's applications (Doc. Nos. 14 and 17) are **GRANTED**.

**II. Motions to Amend**

The plaintiff's two motions to amend (Doc. Nos. 11 and 15) are **GRANTED**, and the court will consider these amendments alongside the plaintiff's original complaint (Doc. No. 1) and stand-alone amended complaint (Doc. No. 16) for the purpose of conducting this review.

The first motion to amend makes new allegations and names four new defendants: Metropolitan Nashville Police Department ("MNPD") Officer Campbell, the State of Tennessee, Judge Gail Robinson, and Judge Allegra Walker. (Doc. No. 11 at 1.) The second motion to amend does not add any defendants, but further explains Plaintiff's request for monetary damages. (Doc. No. 15 at 1.) And the stand-alone amended complaint re-names three of the four defendants listed in the first motion to amend: the State of Tennessee, Judge Allegra Walker, and Judge Gail Robinson. (Doc. No. 16 at 1–2.)

**III. Initial Review**

The court must dismiss any action filed *in forma pauperis* if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court must also construe a *pro se* complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and accept the factual allegations as true unless they are entirely without credibility. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

**A. Factual Allegations**

Since 2018, the plaintiff alleges, Judge Gail Robinson and Judge Allegra Walker have been responsible for producing "fraudulent paperwork" in order to "illegally confirm [him] as being mentally unstable." (Doc. No. 16 at 5.) The plaintiff alleges that he "started out" in Judge

Robinson's courtroom before being "transferred" to Judge Walker's courtroom. (*Id.*) Throughout this time, the plaintiff alleges that he has been "falsely arrested and detained for numerous months with no appropriate cause." (*Id.*) The plaintiff also alleges that he has been "followed by law enforcement" and "others . . . to impose mentally unstable actions as well as unemployment." (*Id.*)

During the plaintiff's period of incarceration from March to October 2019, he alleges that he was repeatedly denied the ability to attend scheduled court dates. (Doc. No. 11 at 2.) On court dates he was allowed to attend, the plaintiff alleges, Judge Robinson and Judge Walker allowed a range of misconduct. (*Id.*; Doc. No. 16 at 5.) Judge Robinson allegedly "allowed hearings on [the plaintiff] without prosecutor[]s," while Judge Walker allegedly forced "mental health programs and proceedings . . . upon [him]." (Doc. No. 16 at 5.) Meanwhile, neither Judge allowed the plaintiff to "present [his] evidence" (Doc. No. 11 at 2), and both Judges allowed the continuous "swapp[ing]" of the plaintiff's lawyers and refused to release him (Doc. No. 16 at 5).

The plaintiff alleges that he was transferred to MTMHI on June 13, 2019. (Doc. No. 1 at 6.) When the plaintiff arrived, MTMHI employee Hamilton Smalls allegedly told him that he "didn't need mental health and the State of Tennessee had made a huge mistake." (*Id.*) Smalls also allegedly told Plaintiff "to just be patient and [he] would be released." (*Id.*) The plaintiff, however, was "sent to a room where [he] was housed for 21 days." (*Id.*)

While at MTMHI, the plaintiff alleges that he was "denied proper Halal trays," "locked out of [his] room," and "forced to use unsanitary restrooms." (*Id.*) The plaintiff also alleges that there was "[b]lood and feces" on the patients and on the walls, that he was "continuously stuck with needles" (Doc. No. 11 at 1) despite refusing treatment (Doc. No. 1 at 6), and that he was "not allowed to go to [his] room and pray in accordance with [his] obligatory 5 daily prayers." (*Id.*)

3

MTMHI employee Richard Selikoff, meanwhile, allegedly attempted to contact the plaintiff's lawyer and several of the plaintiff's family members without the plaintiff's approval. (*Id.*)

After his release, the plaintiff alleges that MNPD Officer Campbell has repeatedly come to his home, harassed him and his family, and "implied that in order to be left alone my family [was] to pay him." (Doc. No. 11 at 1–2.) Officer Campbell also once brought "a man wearing gray pants and [a] white shirt" who "admitted to being from Mental Health." (*Id.* at 2.)

Finally, in the amended complaint submitted after his release from incarceration, the plaintiff alleges that he "had [his] head busted open and [his] arm broken because of this behavior." (Doc. No. 16 at 8.) He also alleges that he "was and still have been refused medical attention," and that he is "being forced into Mental Health and Disability supplements." (*Id.*) As a result of the events alleged throughout his pleadings, the plaintiff alleges that he is "not being allowed to work," that he is "being starved," and that he has been "forced into nearly homelessness as well as isolat[ion] from [his] family and friends." (*Id.*) As relief, the plaintiff requests monetary damages (*id.*; Doc. No. 1 at 7; Doc. No. 15 at 1) and the defendants' resignation (Doc. No. 1 at 7).

**B.      Standard of Review**

To determine whether a complaint "fails to state a claim on which relief may be granted" under 28 U.S.C. § 1915(e)(2)(B), the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at

678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Additionally, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### C. Discussion

"There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)). Here, this action will be dismissed because the plaintiff fails to state a claim against all seven defendants.

#### 1. Improper Parties

Two defendants—the Middle Tennessee Mental Health Institute and the State of Tennessee—are subject to dismissal because they are not viable parties under Section 1983. First, MTMHI is a building, "not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983." *See McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases).

Second, the State of Tennessee has sovereign immunity from suit in federal court. *Boler v. Earley*, 865 F.3d 391, 409–10 (6th Cir. 2017) (citing *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (en banc)). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit; (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex parte Young*, 209 U.S. 123 (1908) applies." *Id.* at 410 (citing *Puckett v. Lexington-Fayette Urban Cty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016)). None of these exceptions applies here, as the State of Tennessee has not consented to

this suit, "Section 1983 does not abrogate Eleventh Amendment immunity," *id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)), and "[t]he *Ex parte Young* doctrine applies [only] when the lawsuit involves an action against state officials, not against the state itself." *Puckett*, 833 F.3d at 598 (citing *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507–08 (6th Cir. 2008)). Accordingly, the plaintiff fails to state a claim against MTMHI and the State of Tennessee.

### 2. Judicial Immunity

Due to the doctrine of absolute judicial immunity, the plaintiff also fails to state a claim against Judge Gail Robinson and Judge Allegra Walker. "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)). This "doctrine is expansive, applying even when a party alleges that the judge acted maliciously or violated its constitutional rights." *HLV, LLC v. Van Buren Cty.*, 775 F. App'x 204, 210 (6th Cir. 2019) (citing *Bright v. Gallia Cty.*, 753 F.3d 639, 648–49 (6th Cir. 2014)). There are only two situations in which judicial immunity does not apply—where "liability aris[es] from non-judicial actions, say driving to and from work," *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)), and where a judge "act[s] 'in the complete absence of all jurisdiction.'" *Id.* (citing *Mireles*, 502 U.S. at 12).

Here, the plaintiff alleges that Judge Robinson and Judge Walker are responsible for his periods of confinement and for forcing him to undergo mental health treatment. It is clear that the plaintiff disagrees with their rulings and orders that resulted in this confinement and treatment. But the plaintiff's allegations do not reflect that either of the exceptions to judicial immunity applies to the actions of Judge Robinson and Judge Walker.

First, the Judges' alleged actions—producing paperwork, presiding over hearings, and committing the plaintiff to mental health treatment—are "paradigmatically judicial" acts performed in their judicial capacity. *See HLV*, 775 F. App'x at 211 (citing *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997)); *Elzey v. Roberts*, No. 09-CV-161-JMH, 2009 WL 1405210, at *2 (E.D. Ky. May 18, 2009) (collecting cases for the proposition that immunity applies to a judge's actions "in the context of civil commitment proceedings"). Second, the plaintiff has not alleged that Judge Robinson and Judge Walker acted "in the absence of subject matter jurisdiction." *HLV*, 775 F. App'x at 211 (quoting *Holloway v. Brush*, 220 F.3d 767, 773 (6th Cir. 2000) (en banc)) ("We must construe a judge's jurisdiction broadly: 'Only in the absence of subject matter jurisdiction are judicial actors devoid of the shield of immunity.'"). Accordingly, Judge Robinson and Judge Walker are entitled to absolute immunity from this suit.

### 3. Remaining Defendants

Finally, the plaintiff fails to state a claim against the remaining three defendants: Hamilton Smalls, Richard Selikoff, and Officer Campbell. The plaintiff brings this action against Smalls and Selikoff in both their official and individual capacities (Doc. No. 1 at 2–3), but does not specify the capacity in which he is suing Officer Campbell (*see* Doc. No. 11 at 1). This lack of specificity as to Officer Campbell, however, has no impact on the court's conclusion because the plaintiff fails to state either an individual or official capacity claim against him.

As to the plaintiff's official capacity claims, "individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Smalls and Selikoff are alleged to be employees of MTMHI, so they stand in the shoes of the State of Tennessee. *See Loyde v. Ryker*, No. 3:13-1223, 2014 WL 4657478, at *1, 3 (M.D. Tenn. Sept. 17, 2014) (Trauger, J.) (adopting

report and recommendation recognizing that an official capacity claim against an MTMHI employee is essentially a claim against the State of Tennessee). As explained above, the State of Tennessee has sovereign immunity from suit in federal court, it has not consented to suit, and Congress has not abrogated this immunity. *See Boler*, 865 F.3d at 409–10 (citations omitted). Additionally, the *Ex parte Young* doctrine does not apply because the plaintiff seeks only monetary damages and the defendants' resignation, not "prospective relief . . . to prevent future federal constitutional or statutory violations." *Id.* at 412 (citation omitted). Thus, the plaintiff fails to state an official capacity claim against Smalls and Selikoff.

Meanwhile, as an employee of the Metropolitan Nashville Police Department, Officer Campbell stands in the shoes of the Metro Government. To state a claim against a municipal entity like the Metro Government, the plaintiff must allege that he "suffered a constitutional violation" and that the Government's "policy or custom directly caused the violation." *Hadrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)). Here, the plaintiff does not allege that any of the misconduct he experienced was due to a policy or custom of the Metro Government. The plaintiff, therefore, fails to state an official capacity claim against Officer Campbell.

As to the plaintiff's individual capacity claims, the plaintiff's only allegations against Smalls and Selikoff do not describe conduct that is unconstitutional. That is, plaintiff alleges that, when he arrived at MTMHI, Smalls agreed with the plaintiff that he did not need mental health treatment and told the plaintiff that he would be released. And the plaintiff's only allegation against Selikoff is that he attempted to contact the plaintiff's lawyer and family without the plaintiff's approval. The plaintiff does not allege, for example, that Smalls or Selikoff was responsible for his treatment or conditions of confinement while at MTMHI. Even under the liberal standards for

evaluating *pro se* pleadings, "[a] complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Because the plaintiff does not allege how Smalls or Selikoff was involved in the violation of his constitutional rights, he cannot impose liability on them under Section 1983.

Finally, the plaintiff alleges that, since his release from incarceration, Officer Campbell has harassed the plaintiff and his family by repeatedly coming to the plaintiff's home and "impl[ying]" that he would leave them alone for money. Once, Officer Campbell also allegedly brought a man from MTMHI to the plaintiff's home. As alleged, however, Officer Campbell's visits to the plaintiff's home are not unconstitutional, as the plaintiff's allegations do not reflect that these visits restrained the plaintiff's liberty in any way. *See Slusher v. Carson*, 540 F.3d 449, 454 (6th Cir. 2008) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)) ("The Supreme Court has made clear that [a] seizure triggering the Fourth Amendment's protections occurs only when government actors have, by means of physical force or show of authority, in some way restrained the liberty of a citizen.") (internal quotation marks omitted). And the plaintiff's allegation that Officer Campbell "implied" he would leave the plaintiff and his family alone in exchange for money is simply too subjective, vague, and unsupported by specific factual allegations to sustain a claim for relief. The plaintiff, therefore, fails to state an individual capacity claim against Officer Campbell.

**IV.**  **Conclusion**

For these reasons, this action is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). The court also **CERTIFIES** that an appeal in this

9

matter would not be taken in good faith, so the plaintiff will not be granted leave to proceed as a pauper on any appeal. 28 U.S.C. § 1915(a)(3).

This dismissal is without prejudice to the plaintiff's ability to file an amended complaint if he can allege sufficient facts to state a claim in light of the standards explained above. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."); *Brown*, 415 F. App'x at 614 (internal quotation marks and citation omitted) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.").

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge